SALT DOME PRODUCTION COMPANY
and the Travelers Insurance Company, Appellants,

v.

MARYLAND CASUALTY COMPANY,
Appellee.

MARYLAND CASUALTY COMPANY,
Appellant,

v.

SALT DOME PRODUCTION COMPANY
and the Travelers Insurance Company, Appellees.

No. 22796.

United States Court of Appeals
Fifth Circuit.

Oct. 27, 1966.

Edmond C. Salassi, New Orleans, La., for appellants.

Christopher Tompkins, New Orleans, La., for appellee.

Before RIVES, THORNBERRY and AINSWORTH, Circuit Judges.

PER CURIAM:

This case was initiated by the suit of Anthony Muscarello against Salt Dome Production Company and its liability insurer, Travelers Insurance Company, for injuries sustained while he was working for Punch's Casing Crews, Inc., on an offshore rig owned and operated by Salt Dome. Punch's compensation carrier, Maryland Casualty Company, made compensation payments (under the Longshoremen's and Harbor Workers' Compensation Act) to Muscarello and thereafter intervened in the suit, claiming the right to reimbursement for compensation and medical payments totaling $6,195.86.

When the time of trial was imminent Travelers compromised Muscarello's claim for $7,500 to be paid regardless of the outcome of any claim which Maryland might have for reimbursement of its compensation and medical payments and without making provision for the satisfaction of Maryland's claim. Thereafter, as a result, Maryland was forced to try its case against Travelers before a jury which ended in a mistrial and the court then directed a verdict n. o. v. for Maryland and additionally awarded $1,000 in attorney's fees. This appeal involves the matter of attorney's fees only, Travelers claiming that Maryland is not entitled to such reimbursement.

In a well-reasoned opinion the district judge held that he would allow attorney's fees as an exception to the general rule, under the equity power of the court where litigation has become necessary because of the arbitrary refusal of parties to rec-

ognize their plain obligations under the law. The district court cited Brisacher v. Tracy-Collins Trust Company, 10 Cir. 1960, 277 F.2d 519, and Sprague v. Ticonic Nat. Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184 (1939). We are in accord with the opinion of the court below, and, accordingly, the judgment is affirmed.